IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPATIAL GENOMICS, INC. and THE CALIFORNIA INSTITUTE OF TECHNOLOGY, | ) ) ) | |
| | ) | C.A. No. |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| 10X GENOMICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Pursuant to Fed. R. Civ. P. 5.2, Plaintiffs Spatial Genomics, Inc. and the California Institute

of Technology (together, "Plaintiffs") respectfully move for leave to file their Complaint against

10x Genomics, Inc. ("Defendant") under seal.  The bases for this motion are as follows:

1.     This Court has the "inherent equitable power to grant confidentiality orders."

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785–86 (3d Cir. 1994).  Although the Third Circuit

has recognized a presumption of public access, the presumption is overcome where the material

sought to be protected is "the kind of information that courts will protect," and where "disclosure

will work a clearly defined and serious injury to the party seeking closure."  *In re Cendant Corp.*,

260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted); *see also In re*

*Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (presumption

of public access overcome if movant shows "that the interest in secrecy outweighs the

presumption"). Thus, "courts may deny access to judicial records, for example, where they are

sources of business information that might harm a litigant's competitive standing."  *Littlejohn v.*

*Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589,

598 (1978)); *see also* Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . . commercial

information" as one category of information that can be protected via court order); *see also Mylan*

*Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests").

2.      The Complaint refers in paragraph 60 to a deposition transcript designated confidential pursuant to a protective order in a prior litigation involving Defendant and a third party, and Plaintiffs believe Defendant may consider confidential, proprietary, and commercially sensitive business information.  The Complaint also refers in paragraph 62 to information that Plaintiffs believe Defendant may consider confidential, proprietary, and commercially sensitive business information relating to prior discussions between the parties conducted pursuant to a non-disclosure agreement between the parties.  Therefore, Plaintiffs respectfully request that they be permitted to file and maintain their Complaint under seal and respectfully request that the Court enter the Proposed Order submitted herewith.

3.      Plaintiffs have submitted a redacted version of their Complaint with this filing.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

*Of Counsel:*

Tamara D. Fraizer
SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
(650) 856-6500
tamara.fraizer@squirepb.com

Soumitra Deka
SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, CA 94104
(415) 954-0200
sam.deka@squirepb.com

Andrew C. Mayo (#5207)
Jeffrey J. Lyons (#6437)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
jlyons@ashbygeddes.com

*Attorneys for Plaintiffs*

2

Xiaomei Cai
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4096
xiaomei.cai@squirepb.com

Dated: August 5, 2026